## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LARRY E. EALY,                    :
father of Larry Lamar Ealy,

                             :

     Petitioner,                    Case No. 3:08cv00059

                             :

 vs.                              District Judge Thomas M. Rose

                             :      Magistrate Judge Sharon L. Ovington

SHERIFF DAVE VORE, *et al*.,

                             :

     Respondents.

                             :

## REPORT AND RECOMMENDATIONS[1]

## I.     INTRODUCTION

Petitioner Larry E. Ealy brings this case *pro se* seeking a Writ of Habeas Corpus

under 28 U.S.C. §2254 requiring the release of his son, Larry Lamar Ealy, from the

Montgomery County Jail.  The sole remaining Respondent in the case is Montgomery

County, Ohio Sheriff Dave Vore.  The case is presently pending upon Respondent's Motion

to Dismiss (Doc. #5), Petitioner's Reply (Doc. #7), Respondent's Reply (Doc. #8), and the

record as a whole.

## II.    BACKGROUND

Larry E. Ealy's habeas corpus Petition states in part:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and
Recommendations.

1) I Larry E. Ealy petitioner and father of Larry Lamar Ealy whom is currently being held hostage at the Montgomery County jail against his free will. This wrongful and malicious and callous act has been perpetrated since January 17, 2008, in violation of the petitioner's son's State and Federal Rights.

2) Dave Vore has commenced to hold the petitioner[']s son hostage as retaliation and reprisal tactics. Vore has a directive to seize search detain and arrest the petitioner on sight, and since the petitioner was informed by Montgomery County employees of the acts of Vore he has retaliated against the petitioner[']s son. Vore has Larry L. Ealy in isolation at this time because he refuses to be medicated by Dr. Gill and the medical Jail Staff. The medication attempted to be forced will cause permanent damages. Larry L. Ealy does not know what medications they are trying to force him to take, beyond cruel and unusual punishment.

(Doc. #2 at 2).

The Petition explains that in January 2008, after a fight involving two brothers, Larry L. Ealy and Lance Q. Ealy, they were both taken to jail. Lance Q. Ealy was released but Larry L. Ealy was kept in jail on a charge of domestic violence. Lance Q. Ealy refused to testify against his brother but Larry L. Ealy was not released from jail. Petitioner alleges that Larry L. Ealy's attorney conspired with several unknown county officials to detain him under "2945.137" (Doc. #2 at 2) – presumably referring to the Ohio statute addressing the evaluation of a criminal defendant's mental competency to stand trial. *See* Ohio Rev. Code §2945.371; *see also* Exhibits attached to Doc. #2.

Petitioner claims that Larry L. Ealy's continued detention violated his right to representation by counsel, his right to be free from cruel and unusual punishment, and his right to have a "quick and speedy trial" under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

Petitioner also challenges various actions or inactions taken in or by the Ohio courts concerning his son's detention including the ineffectiveness of his son's counsel, the inadequate remedies available in the Ohio courts, and the "malicious acts of the state actors when it comes to African Americans, the poor and the indigent minorities of the State of Ohio, thus calling for federal civil rights review on the merits." (Doc. #2 at 4-5). Petitioner maintains that when he attempted to obtain a writ of habeas corpus in the Ohio Court of Appeals concerning his son's detention, the Ohio Court of Appeals set a hearing to determine if he was a vexatious litigator rather than hearing his claims on the merits. He asserts, "the state appeals court failure to hear the case on the merits was objectively unreasonable." (Doc. #2 at 5).

Petitioner seeks a writ of habeas corpus requiring Respondent to release his son, Larry L. Ealy, from the Montgomery County Jail. (Doc. #2 at 6).

Respondent states that Larry Lamar Ealy was held in the Montgomery County Jail beginning on January 17, 2008 pending trial on criminal charges. (Doc. #5 at 2). According to Respondent, Larry Lamar Ealy "was released on March 18, 2008, following his plea of guilty and sentencing on those charges." *Id.* Respondent has provided a copy of a Court Order, dated March 18, 2008, directing the release of Larry L. Ealy from the Montgomery County Jail. *Id.* (Exhibit A).

## III.  DISCUSSION

Respondent raises three main arguments: (1) the case is moot due to Larry Lamar Ealy's release from Respondent's custody on March 18, 2008; (2) Petitioner lacks standing

to bring a habeas corpus action on his son's behalf; and (3) neither Petitioner nor his son have exhausted the remedies available in the Ohio courts concerning Larry L. Ealy's conviction.

Under Article III of the Constitution, this Court only has jurisdiction over actual cases and controversies. *McPherson v. Michigan High School Athletic Assc.*, 119 F.3d 453, 458 (6th Cir. 1997) (citation omitted). The federal courts "have no power to adjudicate disputes which are moot." *Id*.

"Mootness has been characterized as 'the doctrine of standing set in a time frame.' In other words, in order for a case to continue through the court system, it must continually possess what was required for the case to begin – a justiciable case or controversy as required by Article III. 'This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.'" *Diaz v. Kinkela*, 253 F.3d 241, 243 (6th Cir. 2001)(internal citations omitted). To avoid a mootness problem, Petitioner "'must have suffered, or be threatened with, an actual injury traceable to [Respondent] and likely to be redressed by a favorable judicial decision.'" *Id*. at 243 (qutoing *Lewis v. Cont'l. Bank Corp.*, 494 U.S. 472, 477 (1990)).

Because Larry L. Ealy has been released from confinement in the Montgomery County Jail, the exact type of relief Petitioner seeks in this case has already occurred. This change in circumstances renders the case moot, even assuming that it involved an actual justiciable controversy at the time the Petition was filed. *See Diaz*, 253 F.3d at 244 ("[i]t is not enough that a controversy existed at the time the complaint was filed) (quoting

4

parenthetically *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)).  Petitioner, moreover, does not contend that collateral consequences will befall his son from his guilty plea in the underlying criminal case.  *Cf. Gentry v. Deuth*, 456 F.3d 687, 694 (6th Cir. 2006)("the law does not require a habeas petitioner to prove by a preponderance of the evidence that she may face collateral consequences of her unconstitutional felony conviction, for the disabilities consequent to a felony conviction are legion, and patently obvious in many cases.").

Even if this case has not become moot, Petitioner lacks standing to litigate a federal habeas corpus case on his son's behalf.  By statutory directive, a petition for a writ of habeas corpus "shall be signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. §2242.  Petitioner's son, Larry L. Ealy, did not sign or verify the Petition.  *See* Doc. #2.  Consequently Petitioner must proceed on Larry L. Ealy's behalf.

"In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to 'inaccessibility, mental incompetence, or other disability' and that the next friend is 'truly dedicated to the beast interests of the person on whose behalf he seeks to litigate.'"  *Tate v. United States*, 72 Fed.Appx. 265, 266 (6th Cir. 2003)(quoting in part *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)) (other citations omitted).

Petitioner does not allege a circumstance showing that his adult son is mentally incompetent, is inaccessible, or has a disability that could support Petitioner's standing to

bring this case on his son's behalf.  Petitioner appears to argue that his son was mentally competent by asserting that his son's attorney acted improperly and conspiratorially by seeking Larry L. Ealy's mental competency evaluation.  *See* Doc. #2 at 2-3.  In addition, Larry L. Ealy has not joined this case at any point since its inception.  Consequently, the present record reveals no basis for concluding that Petitioner has standing to litigate the validity of his son's former incarceration and conviction.  *See Tate*, 72 Fed.Appx. at 266-67.

Petitioner contends, "Removal under 28 USC 1443a [sic] is mandatory for Black citizens in Ohio for fear of persecution and harassment for by State Court officials."  (Doc. #7 at 2).  In certain circumstances, criminal prosecutions begun in state court may be removed to federal district court "by the defendant..."  28 U.S.C. §1443(a).  Because Petitioner was not the defendant in the underlying criminal case against his son, the plain language of 28 U.S.C. §1443(a) does not provide Petitioner with statutory authority to remove his son's criminal case to this Court.

Petitioner devotes his remaining arguments to showing that the exhaustion requirement in habeas corpus cases does not apply in the present case.  But because dismissal of the Petition is warranted for mootness and due to Petitioner's lack of standing, there is no need to determine whether the habeas exhaustion requirement applies in this case.

Turning lastly to whether a certificate of appealability should issue, Petitioner must show that he "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  "Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should

6

have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(quoting in part *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should not issue in the present case because reasonable jurists could not debate the conclusion either that the Petition is moot or that Petitioner lacks standing. And no other issue raised in the Petition is adequate to deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 336.

Accordingly, Respondent's Motion to Dismiss is well taken and Petitioner is not entitled to a certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1.     Respondent's Motion to Dismiss (Doc. #5) be granted;

2.      The Petition for Writ of Habeas Corpus be dismissed;

3.      A certificate of appealability be denied.  If so denied, Petitioner would remain free to seek a certificate of appealability in the United States Court of Appeals for the Sixth Circuit.  *See Sims v. United States*, 244 F.3d 509 (6th Cir. 2001); and

4.      The case be terminated on the docket of this Court.


October 16, 2008                              ____s/ Sharon L. Ovington_____
                                                              Sharon L. Ovington
                                                      United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).